UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                  PLAINTIFF

v.                                                                                                    NO. 3:09-CR-90-CRS

JOHN DENNIS CLARK III                                                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court for consideration of the motion "for compassionate release/home confinement and/or reduction in sentence" (DN 116 Letter) filed by Defendant John Dennis Clark III, *pro se*. The United States has responded and objects to the motion (DN 118).

Clark is 65 years old and is incarcerated in the Federal Medical Center ("FMC") Lexington where there has been an outbreak of COVID-19 infections among the prison population. As of this writing, the Bureau of Prisons ("BOP") reports that FMC Lexington has tested 892 inmates of which 239 tested positive for the virus. Clark is serving a 262-month prison sentence for distributing, receiving, and possessing child pornography.

The World Health Organization declared the novel coronavirus known as COVID-19 a pandemic on March 11, 2020.[1] The President of the United States declared a national emergency on March 13, 2020 and the Governor of the Commonwealth of Kentucky declared a state of

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19--11-march-2020).

emergency even earlier, after the first confirmed case of COVID-19 on March 6, 2020.[2] As of the date of this writing, there are 11,500,302 confirmed cases worldwide and 535,759 deaths; in the United States, there are 2,877,238 confirmed cases and 129,643 deaths.[3] Further elaboration concerning the health risks associated with COVID-19, especially for those individuals confined to nursing homes or incarcerated in our jails and prisons, is unnecessary. Suffice it to say that the Court addresses motions for compassionate release, and Clark's motion in particular here, with the gravity of the situation in mind.

Clark states in his motion that he "filed with the FBOP for release to home confinement and have been turned down." DN 116. Clark does not state when he filed his request. Further, he does not claim to have filed a request with the warden for compassionate release. The United States has filed a copy of Clark's Administrative Remedy Retrieval which does not show any request for administrative remedies made by Clark since 2013. DN 119-4, p. 2.

As to Defendant's request for compassionate release, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, allows defendants to make a direct request to the court for compassionate release after exhausting his or her administrative rights or making a request to the warden with no response. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. York*, Nos. 3:11-CR-76, 3:12-CR-145, 2019 WL 3241166 (E.D. Tenn. July 18, 2019). Under the current § 3582(c),

> The Court may not modify a term of imprisonment once it has been imposed except that—

---

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel- coronavirus-disease-covid-19-outbreak/; Governor Andy Beshear confirms first case of COVID-19 in the Commonwealth and declares a state of emergency (March 6, 2020), *available at* https://chfs.ky.gov/pages/search.aspx?affiliateId=CHFS&terms=declaration of state of emergency.
[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited July 7, 2020).

>    (1) In any case—
>
>    (A) the court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the **defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>    (i) Extraordinary and compelling reasons warrant such a reduction.

Defendant has not shown that he has exhausted his administrative remedies with the BOP. He claims to have filed a request for release to home confinement at some unspecified time, but the prison records contradict his claim. He does not assert that he has filed a request for compassionate release at all.

First, the home-confinement statutes, 18 U.S.C. § 3624(c) and 34 U.S.C. § 60541(g), do not contain any provision for judicial review. Thus, Clark's motion as it pertains to home confinement must be dismissed for lack of jurisdiction. See *United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020) (recognizing, in case in which inmate invoked COVID-19 as reason for home confinement, that "the Court lacks authority to designate home confinement"); see also *United States v. Carter*, No. 1:18-cr-86-JMS, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020) (citing Garza in denying inmate's request to serve his sentence on home confinement because inmate had "not established that the Court has the power to grant him the relief he seeks"); *United States v. Brown*, No. RDB-16-cr-00553, 2020 WL 1479129, at *1 (D. Md. Mar. 26, 2020) (denying a motion for home confinement filed by a prisoner citing concerns over COVID-19 because "[i]t is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)").

Second, Clark did not comply with the statutory requirements, and the motion as it pertains to compassionate release must be denied for failure to exhaust administrative remedies. See *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (concluding, in denying motion for compassionate release based on COVID-19, that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance"); *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2-3 (E.D. Mich. Apr. 8, 2020) (denying compassionate-release motion prompted by COVID-19 pandemic until exhaustion of all remedies with BOP or until 30 days have passed from request to warden and listing cases in accord); *United States v. Woodson*, No. 18-cr-845 (PKC), 2020 WL 1673253, at *4 (S.D.N.Y. Apr. 6, 2020) (denying motion for compassionate release based on COVID-19 where 30 days had not elapsed from the defendant's request to warden).

Finally, Clark's motion is based upon the assertion that "COVID-19 has been identified by Congress as an 'extraordinary and compelling' reason to request relief of sentence, and/or release to home confinement or compassionate release." DN 116, p. 2.

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The court must also consider the "[sentencing] factors set forth in section 3553(a) to the extent they are applicable." § 3582(c)(1)(A).

Congress tasked the Sentencing Commission that, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, [it] shall describe what should be considered extraordinary and compelling reasons for

sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In the Commentary to U.S.S.G. § 1B1.3,[4] the Commission described four circumstances which constitute extraordinary and compelling reasons for sentence reduction:

**(A) Medical Condition of the Defendant.--**

**(i)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(ii)** The defendant is--

**(I)** suffering from a serious physical or medical condition,

**(II)** suffering from a serious functional or cognitive impairment, or

**(III)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.--**The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances.--**

**(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.

**(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

---

[4] "While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g., United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019);*United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider."
*United States v. McGraw*, No. 202CR00018LJMCMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019).

**(D) Other Reasons.**--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Clark notes that he takes medication for cholesterol and urinary/prostate issues which he contends places him in the "top percentile of those at most risk for devastating consequences and even death" should he contract the COVID-19 virus. *Id*. at 3. He also states, and the medical records from FMC Lexington confirm, that Clark contracted the virus in May, was asymptomatic, has recovered, and has been released from quarantine. DN 119-2, pp. 2, 10.

Clark's concern that he faced the potential for infection with the COVID-19 virus in the facility and was more susceptible to adverse outcomes if infected is now moot, as he did contract the virus, was treated for it, and the medical records delineate his exposure as "resolved." Thus, Clark has failed to articulate an extraordinary and compelling reason for compassionate release on this basis. A number of other courts have reached a similar conclusion with respect to COVID-19-recovered inmates who sought compassionate release due to fear of exposure and serious illness. *See United States v. Purry*, No. 2:14-cr-00332-JAD-VCF, 2020 WL 2773477 ((D.Nev. May 28, 2020)("And fortunately the notion that keeping Purry incarcerated during this pandemic would 'render his remaining imprisonment term a death sentence' due to his preexisting medical issues has also proven false. Purry's medical records reflect that he has been entirely asymptomatic since contracting COVID-19."); *United States v. Cabrera*, No. 10-cr-20016-JES-DGB, 2020 WL 2549941 (C.D.Ill. May 19, 2020)("Because Defendant Cabrera remains asymptomatic despite testing positive for COVID-19, the risk of him suffering severe complications from the virus is significantly diminished compared to others in the BOP who have either not contracted the virus or who have either not contracted the virus or who have contracted the virus and exhibited symptoms or complications."); *United States v. Eddings*, No.

2:09-cr-00074-JAM-AC, 2020 WL 2615029 (E.D.Cal. May 22, 2020)("And given that he has had the virus for over 10 days now without complications, the Court cannot find Defendant's situation to be an 'extraordinary or compelling circumstance' that warrants his release."); *United States v. Zahn*, No. 4:18-cr-00150-JD-1, 2020 WL 3035795 (N.D.Cal. June 6, 2020)("the immediate threat to Zahn has passed, fortunately with no serious complications of any kind. That is enough to find that he has not proffered an extraordinary and compelling reason for release under 18 U.S.C. §3582(c)(1)(A)(i).").

For these reasons, Clark's motion will be denied.

Clark has also requested appointment of counsel. As there is no entitlement to appointment of counsel post-trial, Clark's request will be denied.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motions of the defendant, John Dennis Clark III, *pro se*, for compassionate release, home confinement and/or reduction of sentence (DN 116) is **DENIED.** His request for appointment of counsel is also **DENIED.**

July 14, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:   Counsel of Record

   John Dennis Clark III, *pro se*
   #13337-033
   FMC Lexington
   P.O.Box 14500
   Lexington, KY  40512